CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
*25 ¶39 I concur in the Comb’s denial of Inter-Fluve’s petition for writ of supervisory control, but respectfully dissent from its approach to this cause number. I erred in joining that portion of the Court’s order herein of December 7, 2004, in which we stated our intention to issue a published opinion. I also recognize I erred in joining our Order and Opinion in Hegwood, setting forth a full legal analysis of the legal question at issue before denying the petition for supervisory control on the grounds it did not meet our criteria for supervisory control.
¶40 It is my view that we should first determine whether a petition for supervisory control meets our criteria for the exercise of supervisory control; we did so in this case. If and when we determine a supervisory control petition does not meet our criteria, we should state that conclusion in a very brief order and then merely deny the petition. Taking the time, and using our limited resources, to present a full legal analysis under circumstances such as those before us here is simply unwise from a variety of perspectives.
¶41 First, we must recognize that, even when the parties agree an issue should be decided pursuant to supervisory control, as they have in this case, bringing an original proceeding in this Court for that purpose results in delays in the underlying proceeding. While the record before us in the present matter is limited, it is clear that the District Court action was filed in 2002. Motions to compel, for a protective order, in limine and to reopen discovery were filed from March of 2003 through July of 2004, after defendants moved for summary judgment. The District Court issued the order before us here early in October of 2004. The petition also was filed in this Court that month. By December 27, 2004, briefing on the petition was completed and the parties stipulated to no further briefing. Four months have passed since that time, a relatively short period of time for this Court to be ready to issue an opinion. At the bottom line, this petition has delayed further proceedings in the District Court for approximately five-and-one-half months in a case filed three years ago and still not at the summary judgment stage in the trial court. I am not persuaded that the litigants’ rights to justice without unreasonable delay are met by proceeding in this fashion.
¶42 Moreover, at the time the briefing in this matter was complete and it became possible to begin preparing an order or, as here, an opinion, this Court had significantly more than 100 cases ready for authoring. Most of those cases had finally made their way to this Court after full trial court proceedings and judgment, followed by direct appeal, and had been pending for some time. Some remain pending *26 even now, and have been “preempted” by our attention and effort on this petition for supervisory control and our decision to write a full opinion herein when such an opinion simply is not necessary. In 2003, our overall case filings were 860; in 2004, those filings were 882. In the face of our increasing workload, and the fact that we are primarily an “appeal of right” Court, it strikes me as inherently very unfair to our appellate litigants when we unnecessarily divert our efforts from their appeals to the extent we do here or in other similar matters by issuing a full opinion. This is particularly true when we have long been unable to issue quality opinions in appeals within the time parameters we believe are appropriate.
¶43 Finally, issuing a full opinion deciding a legal issue, merely to ultimately determine the trial court was correct and/or that the regular remedy of appeal is sufficient, in essence grants an interlocutory appeal of an issue that can-and should-be raised on appeal after judgment in the district court. We need not-and should not-do so. We should merely issue a short order stating, in this case:
Inter-Fluve has petitioned this Court for a writ of supervisory control. Having determined our criteria for the exercise of supervisory control have not been met,
IT IS ORDERED the Petition is DENIED.
¶44 We could have done so months ago, returned this case to the District Court, and turned our own attention back to our primary work.
¶45 For these reasons, while I agree the petition must be denied, I dissent from the approach the Court uses to deny the petition.